## John C. Hamilton *vs.* Samuel Paine.

Although the declarations of one in possession of land that he held in subordination to the legal title, made after his conveyance of all his claim thereto, cannot affect the rights of the grantee, yet they do defeat any claim of title acquired by the grantor himself, prior to the conveyance, by disseizin.

A parol disclaimer and abandonment of all claim to land by possession or otherwise, destroy all right of the person making such declarations to insist upon an adverse possession prior to that time.

This was a writ of entry, dated *May* 3, 1838, declaring on the demandant's own seizin within twenty years. It was agreed, that *C. W. Apthorp* was once the lawful owner of the premises, being a part of ten mile lot, No. 12, and that he died seized thereof in 1797, and that the title descended to his heirs at law. The demandant read in evidence at the trial before EMERY J. a deed from part of the heirs of *Apthorp* to *John Eastman, Jan.* 21, 1820; a deed from the other heirs, *July* 19, 1820, to *Fisk & King;* a deed from *Eastman* to the same of the same date; and a deed from *Fisk & King* to the demandant, dated *Feb.* 20, 1823, the description in each covering the premises demanded, with other land. The land now in controversy consisted of eleven acres, called the bog, on the margin of *Cobbossee* stream. Testimony was then introduced by the tenant to prove that one *Blanchard* was in possession of a tract of land, of which that demanded was a part, forty-nine years ago, and that *Blanchard* and those claiming under him had been in possession since, claiming to hold the same, and particularly the bog by possession, and mowed part of it; that he concluded it was State's land, and was willing to pay a small premium for the sake of a deed. He also introduced evidence tending to prove that the demanded premises were inclosed within a fence. On the part of the demandant, evidence was introduced tending to disprove these facts. The tenant also read a quitclaim deed from *Blanchard* to *Thomas Stinson,* dated *Aug.* 26, 1816, and recorded *September* 21, 1819, and that he was in under the heirs of *Stinson. Blanchard* continued to live upon and manage the land in his occupation until *April,* 1823, and after that time *Stinson* carried it on. The other facts material to the understanding of the case will be found extracted in the opinion of the Court.

*F. Allen,* for the tenant, contended, that no title passed to the demandant by his deed, as the grantors were then disseized. *Hathorne* v. *Haines,* 1 *Greenl.* 238. *Blanchard's* disclaimer of holding adversely after his conveyance to *Stinson,* amounts to nothing. It is not necessary that land should be surrounded with fence to have the exclusive possession of it. It is only one mode. An occupation by mowing annually, is enough. *Ken. Pur.* v. *Springer,* 4 *Mass. R.* 416; *Little* v. *Megquier,* 2 *Greenl.* 176; *Ken. Pur.* v. *Laboree, ib.* 275. Where the title is once acquired, a mere conversation between the parties cannot divest it. Much less can that of one party only with third persons.

*Evans,* for the demandant, argued, that it was the duty of the Judge to define to the jury what a disseizin was; and that it was the province of the jury to decide whether the possession was adverse in its commencement, and whether it continued to be adverse to the owner. The *stat.* 1824, *c.* 307, is merely retrospective, and does not apply to transactions prior to its passage. *Kinsell* v. *Dagget,* 2 *Fairf.* 309; *Little* v. *Libbey,* 8 *Greenl.* 242; *Blake* v. *Freeman,* 1 *Shepl.* 130. The declarations of the persons upon the land were entirely proper to show the nature and character of the possession. If it was not adverse to the owner, the land passed by the deeds. *Smithwick* v. *Jordan,* 15 *Mass. R.* 113; *Hall* v. *Leonard,* 1 *Pick.* 27. But here was no occupation. Going upon uninclosed land, and cutting hay, is not such possession as will give title. But the hay was on but a small part of the land demanded. The declarations of the person entering on the land to third persons cannot amount to disseizin of the owner, unless at his election. *Alden* v. *Gilmore,* 1 *Shepl.* 178.

The opinion of the Court was drawn up by

S HEPLEY J.—The tenant can prevail only by proving such a disseizin committed either by *Blanchard* or *Stinson* as would prevent the demandant from acquiring title.

The report states, that the premises with other adjoining lands were surveyed in *August* or *September,* 1818, and that " it was proved, that at the time of said survey and just previous to it *Blanchard* said he disclaimed every part below high-water mark;

and sometime afterward and after the trial he said, he had no title to it, and could not therefore maintain a prosecution against *Mr. Gardiner* for flowing it." This being after he had released his interest to *Stinson,* the rights of the latter cannot be affected by it; but it effectually put an end to all pretence of claim on his own part; and any possession by him before that time must be regarded as existing in subordination to the legal title.

The report further states, that *Stinson* on the 10th of *November,* 1823, by deed of that date purchased of the demandant a tract of land, which had been included in his deed from *Blanchard,* and that it was " proved that *Stinson* just before taking said deed, said that he would also purchase the intervale or bog, being the premises now demanded, if *Mr. Vaughan* would agree to get the water off of it, or compel *Mr. Gardiner* to do so, for that *Blanchard* had disclaimed it, and he, *Stinson,* had no title of his own to it; and a few days after he received said deed he said, that *Mr. Vaughan,* who acted for demandant, would not so agree, and he had not bought it, and that demandant might now take the land, and do what he had a mind to with it." Here is a full disclaimer and abandonment of all claim by possession or otherwise, and it destroys all right to insist upon an adverse possession prior to that time. And it becomes the duty of the Court upon such proof to decide, that no disseizin had been committed prior to the 20th of *February,* 1823, when the demandant acquired his title.

As those, under whose title the tenant claims, have deprived themselves of the right to withstand in this mode the title of the demandant, it is not necessary to enter upon a consideration of the requests for instruction, or of the instructions which were given.

*Judgment on the verdict.*